UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINA M. ENRIGHT,

    Plaintiff,

v.                                                                     CASE No. 8:02-CV-1225-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for supplemental security income payments.[2] Because the decision of the Commissioner of Social Security fails properly to evaluate the opinions of treating physicians, the decision will be reversed and the matter remanded for further consideration.

I.

---

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 5).

The plaintiff, who was forty-three years old at the time of the most recent administrative hearing and who has an eleventh grade education, has worked as a waitress and cook (Tr. 10, 272). She filed two claims for supplemental security income payments, alleging that she became disabled due to fibromyalgia, depression, irritable bowel syndrome, and fatigue (Tr. 512).[3] The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a _de novo_ hearing before an administrative law judge. The law judge found that the plaintiff had a severe impairment of a left tennis elbow and was restricted to a range of light to sedentary work (II Tr. 16). He concluded that the plaintiff was unable to return to prior work, but, based upon the testimony of a vocational expert, could perform other jobs that exist in the national economy (II Tr. 17). Accordingly, he ruled that she was not disabled. The Appeals Council let that decision stand as the final decision of the Commissioner.

The plaintiff then filed this lawsuit. She subsequently filed a motion to remand pursuant to sentence six of 42 U.S.C. 405(g) for the

---

[3]There are two volumes of the administrative record, but the pages are not numbered consecutively. Unless otherwise indicated, the page citations are primarily to the larger volume. Citations to the smaller volume will be "II Tr. __."

consideration of new and material evidence (Tr. 329). Because the Commissioner did not oppose the motion, the motion was granted and the case was remanded (id.). The Appeals Council therefore vacated the first decision and remanded the matter for another hearing (Tr. 333).

On remand, the same law judge held a second hearing. The law judge found (Tr. 284):

> The claimant has the following severe physical impairments, as per the Regulations: left elbow tendonitis/epicondylitis, status-post release; post-traumatic osteoarthritis of the right ankle; history of Chron's [sic] disease; irritable bowel syndrome; fibromyalgia; hypertension; and, obesity. The claimant also has bulging discs in the lumbar spine, a medically determinable, non-severe impairment. Finally, the claimant also has depression, a severe mental impairment resulting in the following Part B mental limitations: mild restriction in activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and, no episodes of decompensation (20 CFR § 416.920( c)).

Based upon these findings, the law judge further determined (id.):

> The claimant has the following residual functional capacity to perform a limited range of light to sedentary work activities. The claimant's ability to perform a full range of said work is limited in that

> she requires a sit/stand option. Moreover, the claimant can only occasionally perform prolonged standing, bending, and stooping. She also has an occasional limitation for repetitive grasping with the dominant left upper extremity. Finally, the claimant can only work in clean, temperature-controlled environments, and in occupations that require simple, repetitive job tasks only.

The law judge concluded that these restrictions prevented the plaintiff from returning to prior work (Tr. 285). However, based upon the testimony of a vocational expert, the law judge ruled that there were other jobs in the national economy that the plaintiff could perform (id.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's many challenges to the law judge's decision include the contention that the law judge failed to give proper weight to the opinions of treating physicians (Doc. 25, p. 7). This contention has merit with respect to medical opinions concerning the plaintiff's impairments of Crohn's disease, irritable bowel syndrome, and fibromyalgia.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such

weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff testified that, due to her Crohn's disease, she had stomach problems that cause her to go to the bathroom about four times during a day and that each occasion takes about ten to fifteen minutes (Tr. 296). This problem was reflected in the Crohn's and Colitis Residual Functional Capacity Questionnaire submitted by a treating gastroenterologist, Dr. Tejinder S. Glamour, who indicated, among other things, that the plaintiff suffered from chronic diarrhea (Tr. 340). Dr. Glamour opined that, during an eight-hour workday, the plaintiff would need unscheduled work breaks every one to two hours that would take her away from her work station for fifteen to twenty minutes (Tr. 343).

The law judge purported to give some weight to Dr. Glamour's opinions (Tr. 280). However, the law judge clearly misperceived those opinions. Thus, the law judge stated that, "while Dr. Glamour's residual

functional capacity assessment indicates that the claimant does suffer from diarrhea and related complications, he does not opine that the claimant would require excessive bathroom breaks, despite the claimant's self-serving allegations of said need" (Tr. 279).

It seems to me that an individual that needs unscheduled bathroom breaks every one to two hours for fifteen to twenty minutes requires excessive bathroom breaks. If the law judge thought otherwise, he needed to provide a cogent explanation for that notion. In the absence of such an explanation, the law judge did not properly discount Dr. Glamour's opinions. In fact, he did not discount them at all; he simply misstated them.

This error, moreover, affects the law judge's credibility determination of the plaintiff's subjective complaints. Contrary to the law judge's suggestion, Dr. Glamour's opinions are not inconsistent with the plaintiff's testimony, but, rather, support it.

The law judge's improper assessment of Dr. Glamour's opinions, therefore, warrants a reversal and a remand.

The law judge also erred in his evaluation of medical opinions regarding the plaintiff's fibromyalgia. The plaintiff was diagnosed with

fibromyalgia by a rheumatologist, Dr. Fernando C. Larach. Dr. Larach saw the plaintiff on February 7, 2000, March 13, 2000, and June 13, 2000 (Tr. 369). On June 13, 2000, Dr. Larach filled out a Fibromyalgia Residual Functional Capacity Questionnaire, which stated that the plaintiff meets the American Rheumatological criteria for fibromyalgia (id.). Dr. Larach opined, among other things, that the plaintiff, in an eight-hour workday, can sit, stand, and walk for less than two hours (Tr. 372) and would need to take six to eight breaks a day to lie down (Tr. 373). In a letter the same day, Dr. Larach stated (Tr. 573):

> Undoubtedly this patient is totally and very likely permanently disabled. I do not see anything down the road where she would be able to engage in any kind of gainful activity. Her pain is constant and she has multiple diffuse trigger points despite the fact she is being treated with Paxil, Ultram, Elavil, muscle relaxants, etc.

The law judge declined to give great weight to Dr. Larach's opinions. In this respect, the law judge stated (Tr. 280):

> Dr. Larach saw the claimant on exactly three occasions in the first half of 2000, and on the next to last visit he even indicated that the claimant was "doing quite well." His opinion was also at times highly speculative in the fact that he said the

>claimant was "very likely permanently disabled." He even indicated that his diagnosis is based on the claimant's subjective complaints of pain (Exhibit B2F). Nevertheless, the doctor still reported that the claimant could perform only a substantially reduced range of sedentary work, which I find inconsistent with his own records, and all the other evidence of record.

This explanation does not provide good cause for discounting Dr. Larach's opinions. Most significantly, there is no indication that the law judge recognized the distinctive characteristics of fibromyalgia. "Fibromyalgia is a condition characterized by widespread pain in joints, muscles, tendons and soft tissues." Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745 at *1 n.1 (11th Cir. 2006)(unpub. op.). The Eleventh Circuit has noted that the hallmark of fibromyalgia is a lack of objective evidence. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). As explained in Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996):

>Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple

-10-

tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

Consequently, in view of these characteristics of fibromyalgia, Dr. Larach's opinions cannot be discounted because his records did not reflect objective medical findings, or because he took the plaintiff's subjective complaints into account. Notably, the law judge's credibility determination of the plaintiff's subjective complaints is infected with this same flaw (see Tr. 279).

The law judge has provided no other substantial reasons for discounting Dr. Larach's opinions. He commented that the doctor saw the plaintiff three times over a period of five months (Tr. 280). If he intended to imply by that comment that Dr. Larach could not validly assess the plaintiff's condition in that period, he failed to provide any reasoning to support that implication.

Moreover, the plaintiff's two primary care physicians (Drs. Mark T. Howell and Jose A. Perez-Arce) have seen the plaintiff over a longer period and each has opined in a questionnaire that the plaintiff is restricted to less

-11-

than eight hours of work per day (Tr. 347, 710). These medical opinions confirm, and support, Dr. Larach's opinions.[4]

The law judge also indicated that Dr. Larach's opinions should be discounted because they were "at times highly speculative" since he had said she was "very likely permanently disabled" (Tr. 280). This reason is unpersuasive. There was nothing speculative about the doctor's opinion that the plaintiff is totally disabled, particularly since on the questionnaire Dr. Larach indicated that the plaintiff's impairments are expected to last at least twelve months (Tr. 369). Moreover, an opinion that the plaintiff is "very likely" to be permanently disabled does not seem to me to indicate any significant degree of uncertainty or speculation.

In sum, there is no indication that the law judge took into consideration when evaluating Dr. Larach's opinions that the hallmark of fibromyalgia is the lack of objective findings. To the contrary, it appears that the law judge thought that the lack of objective findings supported a rejection

---

[4]The law judge attempts to rely upon medical opinions of treating physicians who indicated that the plaintiff could perform light work (Tr. 280). However, as the plaintiff correctly points out, those opinions were rendered when the plaintiff's primary problem was left tennis elbow, and before the diagnosis of fibromyalgia was made.

of Dr. Larach's opinions. Moreover, the other factors that the law judge mentioned in discounting those opinions have no substantial weight. Consequently, the law judge did not provide good cause for discounting Dr. Larach's opinions. This conclusion also warrants a reversal and a remand.

As Moore v. Barnhart, supra, shows, the Commissioner on remand is not bound to find the plaintiff disabled simply because she has been diagnosed with fibromyalgia. However, the Commissioner has to take into consideration the impairment's lack of objective findings when evaluating medical opinions or making credibility determinations.

The plaintiff has raised a number of other contentions. For the most part, they are meritless and do not warrant discussion.

It is appropriate, however, to consider the plaintiff's contention that she meets, or equals, a listing in Appendix 1, since, if that were true, she would be entitled to an award of benefits. The plaintiff's mention of obesity on this point, however, is groundless since there no longer is a listing for obesity. Moreover, the plaintiff has failed to identify medical findings in the record that meet, or equal, Listing 1.02. See Wilson v. Barnhart, 284 F.3d

1219, 1224 (11th Cir. 2002); Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986).

Finally, it is noted that the parties' discussion of a sentence six remand in accordance with Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999), has been rendered obsolete by Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 16th day of February, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-14-